## SEXTON *v.* CALIFORNIA.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 155. Argued and submitted January 28, 1903.—Decided April 6, 1903.

Under sec. 5328, Rev. Stat., and the provisions of the Criminal Code of California, the state courts of that State have concurrent jurisdiction with the courts of the United States to try a person for extortion where the basis of the extortion was a threat to accuse a person of having committed an act which is a crime exclusively against the United States and made so by a Federal statute.

· PLAINTIFF in error was convicted in the Superior Court of the county of El Dorado, California, of the crime of extortion. Judgment was entered, and, upon appeal to the Supreme Court of California, it was there affirmed, 132 California, 37, and the plaintiff in error brings the case here for review.

The indictment upon which the conviction was had alleged that on June 20, 1898, at the county of El Dorado, State of California, one S. H. Briggs and the plaintiff in error—

" . . . did wilfully, unlawfully and feloniously obtain from one C. Greenwald certain personal property consisting of money, the property of the said C. Greenwald, to the amount and value of thirty dollars, with the consent of said Greenwald, induced by the wrongful use and exercise upon him of fear by means of a threat then and there made by the said John E. Sexton and S. H. Briggs to accuse him, the said Greenwald, of

the crime of having, in violation of the laws of the United States of America, sold and delivered cigars in a form other than in a new box not before used for the purpose of packing cigars therein, contrary to the form, force and effect of the statute in such case made and provided."

After the finding of this indictment the defendant Sexton moved the court to set it aside on various grounds, the ninth being that the court had no jurisdiction of the offence charged in the indictment, nor of the person of the defendant, and it was contended that the Federal court alone had jurisdiction over the act for which he was indicted in the state court. The motion was denied and the defendant then pleaded not guilty. Upon the trial the jury found the defendant guilty, as charged in the indictment, and he was sentenced to be imprisoned in the State's prison for the term of two years.

Argued by *Mr. James Parker* for plaintiff in error. *Mr. John E. Sexton* was on the brief.

Submitted by *Mr. U. S. Webb*, attorney general of the State of California, *Mr. Henry H. Glassie, Mr. R. Woodland Diggs* and *Mr. George A. Sturtevant* for defendant in error.

MR. JUSTICE PECKHAM, after making the foregoing statement of facts, delivered the opinion of the court.

The record now before us raises but a single question for our determination, and that is whether the state court upon the facts alleged in the indictment had any jurisdiction over the subject matter.

The plaintiff in error contends that the right of the general government to exercise jurisdiction over the crime of which he was convicted is exclusive, and therefore the state court had no right to try him upon the indictment found in that court.

The act of which the plaintiff in error is alleged to have threatened to accuse Greenwald of committing is mentioned in section 3392 of the Revised Statutes of the United States, which makes it an offence to sell cigars unless in new boxes, with the

exception therein detailed. Having created the offence above described, Congress also provided for the punishment of the offence of extortion by threats to accuse an individual of a violation of the provisions of that, among other sections of the internal revenue law.

Section 5484, Revised Statutes, provides that—

"Every person who shall receive any money or other valuable thing under a threat of informing, or as a consideration for not informing against any violation of any internal revenue law, shall, on conviction thereof, be punished by a fine not exceeding two thousand dollars, or by imprisonment not exceeding one year, or both, at the discretion of the court, with costs of prosecution."

The provision prohibiting the sale of cigars in any but new boxes is part of the internal revenue law.

By the twentieth subdivision of section 629, Revised Statutes, there is given to the United States Circuit Courts—

"Exclusive cognizance of all crimes and offences cognizable under the authority of the United States, except where it is or may be otherwise provided by law; and concurrent jurisdiction with the District Courts of crimes and offences cognizable therein."

The Revised Statutes also provide:

"SEC. 711. The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States:

"First. Of all crimes and offences cognizable under the authority of the United States."

Upon these various statutes the plaintiff in error founds his contention that, as the offence which it is alleged in the indictment he threatened to accuse Greenwald of having committed is one which exists solely under section 3392 of the Revised Statutes, which creates it, and as section 5484 provides the penalty for extorting money by threatening to inform or as a consideration for not informing against any violation of that law, the authority to punish for extorting upon such grounds is exclusively in the Federal courts.

On the other hand, it is claimed upon the part of the State

that the offence of which the plaintiff in error has been convicted was one against the State, under sections 518 and 519 of the Penal Code of the State of California.

. Those sections provide that—

" Sec. 518. Extortion is the obtaining of property from another, with his consent, induced by a wrongful use of force or fear, or under color of official right.

" Sec. 519. Fear such as will constitute extortion may be induced by a threat, either:

,*      *      *      *      *      *      *      *

" 2. To accuse him, or any relative of his or member of his family, of any crime."

Upon this subject the Supreme Court of California said:

" In substance, it may be said that defendant threatened to accuse Greenwald of violating the United States revenue laws, and under fear induced by such threat secured from Greenwald the aforesaid sum of thirty dollars. It is insisted that the facts alleged do not constitute an offence against the laws of the State of California, but, upon the contrary, constitute a crime exclusively within the jurisdiction of the Federal courts. We find nothing in this contention. The defendant is charged with the crime of extortion, an offence directly within the jurisdiction of the state courts. He is not charged with a violation of a Federal statute, but with a violation of a state statute. He threatened to accuse a man with the commission of a crime. It makes no difference if that crime be one solely triable in the Federal courts, for defendant is not being tried for that crime. If he had threatened to have Greenwald arrested upon the charge of counterfeiting the money of this country, and was charged with the crime of extortion for that reason, clearly his offence would be one against the laws of this State. It would be extortion, as defined by the Penal Code of this State, and this court would not be concerned as to whether or not defendant's crime was also punishable under Federal laws. The court finds no substantial defect in the indictment, and the demurrer thereto is not well taken."

The case of counterfeiting the money of the United States is excepted by statute from the law giving exclusive jurisdic-

tion to the United States courts of offences against the laws of the United States. *Fox* v. *State of Ohio*, 5 How. 410; *Houston* v. *Moore*, 5 Wheat. 1, 26. It has also been held that the United States could punish the crime of counterfeiting coin under the Federal statute. The same act may be an offence both against the State and the United States, punishable in each jurisdiction under its laws.

The foundation of the claim of counsel for the State is the statement that the defendant was not tried for or convicted of an offence under the Federal statute, but the indictment simply alleged that he extorted money by threatening to accuse Green-wald of an offence under the Federal statute. It was the extorting of the money by reason of fear induced by the threat that constituted the crime, and that was a crime provided for by the state statute, and it is insisted that the State is not prevented from trying the individual under that statute because he might have been proceeded against in the Federal court under a Federal statute (section 5484) of a somewhat similar nature; that the threat to accuse another of crime is the material matter in the state statute, and it is not material that the threat was pointed at a crime made such only by the Federal statute.

It is true that the offence of extortion by threats to accuse a person of a violation of any part of the internal revenue law is made a crime by virtue of the Federal statute. If there were no statute in regard to the sale of cigars other than in new boxes, as provided for in section 3392 of the Revised Statutes, a threat to accuse a person of doing such an act would not be a threat to accuse him of any crime, and hence would not be punishable. As the crime itself exists only by virtue of the above section and as the threat to accuse one of the commission of such an act is also provided for by another section, there might be some plausibility in the contention of the plaintiff in error that, under the Federal statutes above cited, jurisdiction of the United States courts was exclusive. We do not decide that such contention is well or ill founded, nor do we express an opinion thereon, because we do not regard it as necessary for our decision in this case.

The section which makes it an offence to extort money under a threat of informing in regard to an alleged violation of any internal revenue law (section 5484) is contained ·in title 70, denominated ·" Crimes," in the United States Revised Statutes, and in that title is found another section, which provides that—

·" SEC. 5328. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws·thereof."

Assuming that, but for this section, the state court would be without jurisdiction, we are of opinion that it takes the case out of the provisions of the other.sections of the Revised Statutes above cited, namely, the twentieth subdivision of section 629, and section 711. ·Section 5328 must be construed as creating an exception to the general rule declared in these other sections in regard to the jurisdiction of the Federal courts. The New York Court of Appeals placed the same construction on that section, in a very well reasoned ·opinion prepared by Andrews, Ch. J., in the case of *People* v. *Welch*, 141 N. Y. 266–277. ·Although section 3392 is the sole foundation for the creation of the offence which the plaintiff in error threatened to accuse Greenwald of having committed, yet the jurisdiction of the state courts is neither taken away nor impaired on that account. The state statute provides for the punishment of the crime of extortion, committed as therein described, and when the Federal statute creates the crime the threat to accuse a person of the commission of such crime becomes itself a crime under the state statute, and the Federal statute which provides for extortion does not take away or impair the jurisdiction of the ·courts of the several States under their laws to proceed and punish as is·therein provided for. ·

The jurisdiction of the state court over the crime of extortion when perpetrated under the circumstances stated in the indictment is at least concurrent with that of the courts of the United States. ·

The section (5328) was not intended to merely permit a state court to punish a different offence involved in the one act. ·It was intended to leave with the state court, unimpaired, the

same jurisdiction over the act that it would have had if Congress had not passed an act on the subject.

There is, also as we think, considerable weight to be attached to the contention that the Federal statute is not essentially the same as the state statute regarding extortion. In the state statute it is specified that the property must be obtained from another with his consent, and that such consent must be induced by a wrongful use of force or fear, while those words are lacking in the other statute. Without expressing an opinion upon the question whether the indictment and conviction could be sustained without the provisions of section 5328, Revised Statutes, we hold that, taking such section into consideration, the state court had jurisdiction in this case. The judgment, therefore, must be

*Affirmed.*