S. J. SLIGH, *Plaintiff in Error*, v. JAMES A. KIRKWOOD, AS SHERIFF OF ORANGE COUNTY, *Defendant in Error*.

Opinion Filed February 7, 1913.

CONSTITUTIONAL LAW—CHAPTER 6236 LAWS OF FLORIDA, PROHIBITING SHIPMENT OR SALE OF IMMATURE CITRUS FRUIT NOT IN CONFLICT WITH COMMERCE CLAUSE OF FEDERAL CONSTITUTION.

1. The power of regulating commerce among the States is in in Congress, and the subject of exclusive Federal control.

2. When Congress does act, and its action covers the subject-matter, its action is exclusive as to interference.

3. Until, and unless Congress does act, and its action covers the subject-matter, the States may act.

. So long as the action of the States is not repugnant to, or does not interfere with, or place burdens upon, or undertake to regulate interstate commerce, or are mere police regulations, their action, though in aid, or if in aid, of interstate commerce, is not invalid, unless it is a direct interference.

5.  It is not enough to render the State law invalid that it is similar to the Federal act upon the same subject. It must in operation interfere directly or substantially with interstate commerce, and not be an incidental or casual interference or remotely affect it hurtfully.

6.  Where both the acts of Congress and of the State make a defined act an offence, the commission of the act may be an offense against each, and punishable by each.

7.  While the State cannot, under cover of exerting its police power, directly regulate or burden interstate commerce, a police regulation which has real relation to the proper protection of the people, and is reasonable in its terms, and does not conflict with any valid act of Congress, is not unconstitutional because it may incidentally affect interstate commerce. No State statute which even affects incidentally interstate commerce is valid if it is repugnant to the Federal Food and Drugs Act of June 30th, 1906. Where an act of Congress relating to a subject on which the State may act also, limits its prohibitions, it leaves the subject open to State regulation as to the prohibitions that are unenumerated. The intent of Congress to supersede the exercise by the States of their police power will not be inferred unless the Act of Congress, fairly interpreted, is in actual conflict with the law of the State.

8   Chapter 6236 Laws of Florida of 1911 does not conflict with the Commerce Clause of the Federal Constitution. Neither does it clash with any of the provisions of the Food and Drugs Act of Congress of June 30th, 1906. Green or immature citrus fruit may be as deleterious to health as the same fruit in an overripe or decomposed state. The Act of Congress last mentioned debars the latter, but says nothing as to the former, thus leaving the field of deleterious *immaturity* of fruit open to be dealt with by the States.

Writ of error to the Circuit Court for Orange County.

Judgment affirmed.

*Thomas Palmer* and *C. B. Robinson,* for Plaintiff in Error;

*T. F. West,* Attorney General, *C. O. Andrews,* and *C. B. Parkhill,* for Defendant in Error.

TAYLOR, J.—The Florida Legislature at its session in the year A. D. 1911, enacted the following statute:

"Chapter 6236—entitled:

An Act to Prohibit Certain Dispositions of Citrus Fruits Which Are Immature or Otherwise Unfit for Consumption, and the Misbranding of Citrus Fruits.

*Be It Enacted by the Legislature of the State of Florida:*

Section 1.  That it shall be unlawful for anyone to sell, offer for sale, ship or deliver for shipment any citrus fruits which are immature or otherwise unfit for consumption, and for anyone to receive any such fruits under a contract of sale, or for the purpose of sale, or of offering for sale, or for shipment or delivery for shipment. This section shall not apply to sales or contracts for sale of citrus fruits on the trees under this section; nor shall it apply to common carriers or their agents who are not interested in such fruits and who are merely receiving the same for transportation.

Sec. 2.  It shall be unlawful for anyone to misbrand any package or any wrapper containing citrus fruits; and all citrus fruits shall be deemed misbranded if the package or the wrapper shall bear any statement, design or device regarding the fruit therein contained which is false or misleading either as to the name, size, quality

or brand of such fruit, or as to the locality in which it was grown.

Sec. 3.  Whoever shall violate any of the provisions of this Act shall be punished by a fine not exceeding one thousand dollars or by imprisonment for not more than six months, or by both such fine and imprisonment, and the fruit, whether immature or otherwise unfit for consumption or misbranded shall be subject to seizure and disposition as in the case of adulterated or misbranded foods and drugs."

"Approved June 5th, 1911."

For alleged violations of this statute the plaintiff in error was informed against in the Criminal Court of Record of Orange County by three several informations, each of them containing two counts, the first count in each of them charging him with the shipment to parties in another State of immature oranges, the same being citrus fruit; the second count of each of them charging him with the delivery to an agent of a common carrier for shipment to the same parties in another State of the same alleged immature oranges, which oranges are therein alleged to be citrus fruit and to be immature and unfit for consumption.

The plaintiff in error was arrested upon three several warrants issued from these informations and detained in custody by the sheriff, and applied to the Circuit Judge of Orange County for and obtained a writ of habeas corpus. In his petition for the writ he alleges that the statute above quoted upon which said prosecutions and arrest are based is in conflict with Section 8 of Article One of the Federal Constitution, and seeks within itself to govern and control commerce between the State of Florida and other States in the United States, which is beyond the

power and jurisdiction of the State Legislature of Flor ida to do.

On the hearing of the habeas corpus proceeding the Circuit Judge remanded the plaintiff in error to the custody of the sheriff and dismissed the petition for the writ. For review of this judgment the plaintiff in error brings his case heer by writ of error.

In the exhaustively considered case of Southern Ry. Co. v. Railroad Commission of Indiana, rendered by the Supreme Court of Indiana on January 3. 1913. — Ind. — , 100 N. E. Rep. 337, the following general propositions are said to be regarded as settled: "First,. That the power of regulating commerce among the States is in Congress, and the subject of exclusive Federal control."

"Second. That when Congress does act, and its action covers the subject-matter, its action is exclusive as to interference."

"Third. Until, and unless Congress does act, and its action covers the subject-matter, the States may act."

"Fourth. That so long as the action of the States is not repugnant to, or does not interfere with, or place burdens upon, or undertake to regulate interstate commerce or are mere police regulations, their action, though in aid, or if in aid, of interstate commerce, is not invalid, unless it is a direct interference."

"Fifth. That it is not enough to render the State law invalid that it is similar to the Federal act upon the same subject. It must in operation interfere directly or substantially with interstate commerce, and not be an incidental or casual interference or remotely affect it hurtfully."

"Sixth. That, where both the acts of Congress and of the State make a defined act an offence, the commission of the act may be an offence against each, and punisha-

ble by each." See the cited case for the numerous cases both Federal and State supporting the quoted propositions.

In the case of Savage v. Jones, State Chemist of Indiana, 225 U. S. 501, it is held: "That while the State cannot, under cover of exerting its police power, directly regulate or burden interstate commerce, a police regulation which has real relation to the proper protection of the people, and is reasonable in its terms, and does not conflict with any valid act of Congress, is not unconstitutional because it may incidentally affect interstate commerce. And that no State statute which even affects incidentially interstate commerce is valid if it is repugnant to the Federal Food and Drugs Acts of June 30th, 1906, the object of which is to prevent adulteration and misbranding and keep adulterated and misbranded articles out of interstate commerce. And that where an Act of Congress relating to a subject on which the State may act also, limits its prohibitions, it leaves the subject open to State regulation as to the prohibitions that are unenumerated. And that the intent of Congress to supersede the exercise by the States of their police power will not be inferred unless the act of Congress, fairly interpreted, is in actual conflict with the law of the State."

We do not think that the Florida statute is a direct interference with interstate commerce a burden upon or prohibition against the legitimate subjects of such commerce. It does incidentally affect such commerce by prohibiting *immature* citrus fruits produced within her borders from becoming the subjects of shipment or sale, and this in obedience to the police duty and power to protect the public health. Except thus incidentally we do not think that the act under discussion is an unwar-

ranted interference with or burden upon interstate commerce.

Does the Florida statute in anywise conflict with the Food and Drugs Act of Congress of June 30th, 1906? By the sixth subdivision of section seven of the last named act, the prohibitions against vegetable substances, which as we interpret it would include citrus fruit, is that if it is in whole or in part filthy, decomposed or putrid, then it is debarred as a subject of commerce. *Green* or *immature* fruit may be as deleterious to health as the same fruit in an over-ripe or decomposed state. The act of Congress debars the latter, but says nothing as to the former, thus leaving the field of deleterious *immaturity* of fruit open to be dealt with by the States. We do not think that the act in question conflicts with the interstate commerce clause of the Federal constitution or with any of the provisions of Acts of Congress passed in pursuance thereof that have come to our attention, and the judgment of the Circuit Court is, therefore, hereby affirmed at the cost of the plaintiff in error.

SHACKLEFORD, C. J., and COCKRELL, HOCKER and WHITFIELD, J. J., concur.