Argued September 5; affirmed September 26, 1939

STATE *v.* FRACH

(94 P. (2d) 143)

In Banc.

*Stanley J. Mitchell* and *Harry Frazer*, both of Oregon City, for appellant.

*P. K. Hammond*, of Oregon City (Fred A. Miller, District Attorney, of Oregon City, on the brief), for the State.

RAND, C. J.   The defendant was indicted by the grand jury of Clackamas county for the crime of larceny committed in that county and, upon the trial thereof, was convicted and sentenced to the Oregon state penitentiary.  From that judgment, he has appealed.

The indictment charged that the stolen property belonged to the United States and consisted of three motor vehicle tires and inner tubes, three motor vehicle wheels, one five-ton hydraulic jack, and miscellaneous motor vehicle tools, a more particular description of said tools being to the grand jury unknown.

At the close of the trial, the defendant moved for a directed verdict on the ground that the acts charged in the indictment, the same being the larceny of property belonging to the United States, constituted a crime against the United States and, therefore, was cognizable only in the federal courts.  The motion was overruled and this ruling is assigned as error and is the sole question presented upon this appeal.

 ■ The taking and carrying away of property belonging to the United States with intent to steal the same is a violation of the federal law and is defined and made punishable by section 35 of the Criminal Code, as

amended by the Act of June 18, 1934, c. 587, 48 Stat. 996; 7 F. C. A., Title 18, section 82, 18 U. S. C. A. § 82. Like all other larcenies, when committed in this state, it is also an offense against the state and is made punishable under section 14-315, Oregon Code 1930, which provides that:

"If any person shall steal any goods or chattels, * * * which is the property of another, such person shall be deemed guilty of larceny, and upon conviction thereof * * * shall be punished, etc."

The acts charged in the indictment, therefore, constituted an offense equally against the State of Oregon and the United States and rendered the defendant subject to prosecution by either or both the state and the federal governments. It was so held in *Ex parte Young*, 36 Or. 247, 59 P. 707, 48 L. R. A. 153, 78 Am. St. Rep. 772, where the court speaking through Mr. Justice MOORE, said:

"* * * the rule being that the statute of a state and an act of congress may each prohibit the commission of the same offense, and prescribe the same or a different punishment therefor, under which the party found guilty thereof may suffer the penalties provided by the laws of the United States and of the state: Territory v. Coleman, 1 Or. 192; State v. Brown, 2 Or. 221; Fox v. Ohio, 46 U. S. (5 How.) 410; United States v. Marigold, 50 U. S. (9 How.) *560; Moore v. Illinois, 55 U. S. (14 How.) 13; Ex Parte Siebold, 100 U. S. 371; Cross v. North Carolina, 132 U. S. 131 (10 Sup. Ct. 47)."

Speaking further, the court said:

"The act in question [referring to the state statute] is a rightful exercise of the police power of the state, in the regulation of the matters to which it applies; and, instead of being in conflict with any regulation of congress upon the subject, or in contravention of

the general policy of the government, it is in fact in aid of commerce rather than in restriction of it.''

In that case the defendant had been indicted for the crime of enticing a seaman employed on a German ship to desert and, by the lower court, had been improperly discharged from custody on a writ of habeas corpus, which ruling was reversed upon appeal. The ruling in that case and the reasons given therefor conform to the decisions of other courts upon that question, but if they stood alone and were not so supported, they would be sufficient to foreclose defendant's contentions in this case.

■ Under the decisions of both the federal and the state courts, it is now well settled that the same act or series of acts may constitute an offense equally against the United States and the state and that, in such case, the guilty party may be prosecuted under the laws of each government. Among the many cases so holding, see *Cross v. North Carolina*, 132 U. S. 131, 139, 33 L. Ed. 287, 10 S. Ct. 47; *Pettibone v. U. S.*, 148 U. S. 197, 37 L. Ed. 419, 13 S. Ct. 542; *Sexton v. Calif.*, 189 U. S. 319, 23 S. Ct. 543, 47 L. Ed. 833; *U. S. v. Wells*, (D. C.-Minn.) Fed. Cas. 16665, 7 Am. L. Rev. 366; *Sligh v. Kirkwood*, 65 Fla. 123, 61 So. 185; aff'd 237 U. S. 52, 59 L. Ed. 835, 35 S. Ct. 501; *Weil v. Black*, 76 W. Va. 685, 86 S. E. 666; *State v. Ferree*, 88 W. Va. 434, 107 S. E. 126; *State v. Stevens*, 60 Mont. 390, 405, 199 P. 256.

In his work on Constitutional Limitations, 4th Ed., p. 25, Cooley says:

''* * * the states may constitutionally provide for punishing the counterfeiting of coin and the passing of counterfeit money, since these acts are offences

against the State, notwithstanding they may be offences against the nation also."

It is clear from the decisions above referred to that the same act may be an offense both against the state and the United States and be punishable in each jurisdiction under its laws. Wharton in his Commentaries on American Law, section 524, states the rule as follows:

"* * * Where, however, an offence has two aspects, one against the United States, the other against a state, each sovereign may prosecute for the aspect of the offence directed against itself."

Article VI of the federal constitution provides that:

"This constitution, and the laws of the United States which shall be made in pursuance thereof, and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding."

■ Pursuant to this provision of the federal constitution, congress enacted a law providing that the jurisdiction vested in the courts of the United States shall be exclusive of the courts of the several states, "of all crimes and offenses cognizable under the authority of the United States". 8 F. C. A., Title 28, section 371, 28 U. S. C. A., § 371. This provision of the federal statute has no application here for several reasons: (1) The defendant was not charged with a violation of a federal statute but with a violation of a state statute and, therefore, he was not prosecuted for an offense against the federal law but for an offense against the state law, and, as had been said by the Supreme Court

of California and quoted with approval in *Sexton v. Calif.*, supra:

"* * * It makes no difference if that crime be one solely triable in the federal courts, for defendant is not being tried for that crime."

It was held, under Article VI of the federal constitution, in *Fields v. Multnomah County*, 64 Or. 117, 128 P. 1045, 44 L. R. A. (N. S.) 322, that the act of congress of 1906, regulating fees of clerks in naturalization cases precludes application of a state statute which required the county clerk to pay over such fees to the county treasurer, and it was also held in *Pierrard v. Hoch*, 97 Or. 71, 184 P. 494, 191 P. 328, that the federal statute protecting soldiers against suit during the war is superior to the Laws of 1917, chapter 275, relating to foreclosure actions. In both of those cases, neither of which is in point in this case, the legislative power of congress was supreme and, in respect to those matters, was binding upon the courts of this state, but in criminal matters, the rule is stated by Wharton in his Commentaries on American Law, section 381, as follows:

"It does not follow that because a power is given to the general government it is exclusively in that government. If the exercise of the power is prohibited to the states, then the power is one which the general government alone can exercise. But where there is no such exclusion of state jurisdiction, and when the wrong to be remedied is one against the state as well as against the general government, then the prevalent opinion is that the wrong may be redressed by state courts. So far as concerns criminal prosecutions, the law may be thus stated:

(1) Congress cannot constitutionally confer on a state court jurisdiction over offences exclusively against the Federal government. Statutes conferring such jurisdiction do not bind the state courts as such.

(2) Offences which directly affect a state or its population are cognizable in the state courts, unless the exercise of such jurisdiction by the states is prohibited by the constitution.

(3) When jurisdiction of an offence against federal laws is given to the Federal courts by congress, the state courts cannot take cognizance of it unless jurisdiction be given them by act of congress.

(4) An offence may be indictable in one aspect against the United States, in another against a particular state, in which case it may be prosecuted in either jurisdiction.''

(2) It is as much to the public interest and as essential to the public welfare of the people of this state that persons, who, within this state, steal the property of the United States, should be prosecuted and punished for the crime as it is if the property stolen belonged to a private individual, and hence, in prosecuting and convicting the defendant for a crime committed within the state in violation of the criminal statute of this state, the state, through its courts, was merely exercising a power which, under the federal constitution, is reserved to the several states.

In the exercise of their reserved powers, the several states act as independent sovereignties and their right to exercise such powers cannot be impaired or abridged by any federal statute. There are offenses which may be committed in violation of some federal law which violate no state statute. Other offenses may be committed against the United States in respect to matters over which the constitution of the United States gives congress the exclusive power to legislate. As to all such cases, the federal courts alone have jurisdiction. Other offenses may be committed, however, which vio-

late both the federal and the state laws. In these cases, the offending person may be prosecuted in either or both courts and, as to them, neither the state nor congress can confer exclusive jurisdiction upon one court and exclude it from the other. Wharton states this principle in these words:

"* * * Where, however, an offence has two aspects, one against the United States, the other against a state, each sovereign may prosecute for the aspect of the offence directed against itself. Nor would a federal statute precluding state courts from prosecuting such aspects of an offence as are of state cognizance (e. g., passing counterfeit money as cheats on citizens) be constitutional." Wharton, Commentaries on American Law, sec. 524.

Hence, we hold that, in the prosecution of the defendant for the crime charged in this indictment, the state court had jurisdiction. Moreover, had the offense charged in the indictment been one over which, but for some permission of congress, the federal courts alone would have had jurisdiction, such permission was granted by section 547, Title 18, 7 F. C. A., 18 U. S. C. A., § 547, which expressly excepted this particular offense from other offenses over which congress enacted that the federal courts should have exclusive jurisdiction.

The judgment, therefore, is affirmed.