STATE *v.* DUNCAN.

4728                                                    255 S. W. 2d 430

Opinion delivered March 2, 1953.

*Ike Murry,* Attorney General and *George E. Lusk, Jr.,* Assistant Attorney General, for appellant.

*S. M. Bone,* for appellee.

WARD, J. Denver W. Duncan, appellee, was charged by information with the crime of feloniously selling four bales of cotton upon which the Farmers Home Administration, a government agency, held a chattel mortgage, with intent to defeat said mortgage and the debt thereby secured. The information (in its entirety) properly charged appellee with the crime of selling mortgaged property under the provisions of *Ark. Stats.,* § 41-1928 which reads as follows:

"It shall be unlawful for any person to sell, barter, exchange or otherwise dispose of, or to remove beyond the limits of this State or of any county in which a landlord's or laborer's lien exists, or in which a lien has been created by virtue of a mortgage or deed of trust, or to which title has been retained by the vendor, any property of any kind, character or description, upon which a lien of the kind enumerated above exists or to which title still remains in the vendor: provided, such sale, barter, exchange, removal or disposal of such property be made with the intent to defeat the holder of such lien or title in the collection of the debt secured by such mortgage, laborer's or landlord's lien or retention of title."

To the above information appellee filed, and the trial court sustained, a demurrer on the ground that the Circuit Court had no jurisdiction. The reasons assigned for the lack of jurisdiction in the state court were: that the information charged appellee with cheating and defrauding the United States Government, and that therefore the United States courts have exclusive jurisdiction. The

Federal statute covering the act which appellee is charged with committing is § 658, 18 U. S. C. A., 1951 Supp., which reads as follows:

"Whoever, with intent to defraud, knowingly conceals, removes, disposes of, or converts to his own use or to that of another, any property mortgaged or pledged to, or held by, the Farm Credit Administration, any Federal intermediate credit bank, or the Federal Farm Mortgage Corporation, Federal Crop Insurance Corporation, Farmers' Home Corporation, the Secretary of Agriculture acting through the Farmers' Home Administration, any production credit association organized under sections 1131-1134m of Title 12, or in which a Production Credit Corporation holds stock, any regional agricultural credit corporation, or any bank for cooperatives, shall be fined not more than $5,000 or imprisoned not more than five years, or both; but if the value of such property does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."

The issue thus raised being one which, as the Attorney General certified, affects the correct and uniform administration of the criminal laws of this state, this appeal is properly prosecuted.

It is stated by appellee and admitted by appellant that the acts alleged to have been done by appellee constitute an offense against the United States Government under § 658, *supra*. The only material difference between the State statute and the Federal statute is the punishment prescribed by each.

Appellee argues that neither the Act of Congress setting up the Farmers' Home Administration nor the Act creating the offense here involved gives any jurisdiction to the state court to enforce the Federal penal act. This contention is true but it does not reach the issue here involved. The attempt by the State here is not to enforce the Federal statute but to enforce the State statute. The fallacy in appellee's argument is that it is not necessary, in this instance, for Congress to specifically grant jurisdiction to the state courts.

There are numerous cases which hold that the same acts, constituting an offense under State and Federal statutes, can be prosecuted in both courts where there was no specific delegation of jurisdiction to the state court by the Congress. Some of these cases are: *Cross* v. *State of North Carolina,* 132 U. S. 131, 10 S. Ct. 47, 33 L. Ed. 287; *Pettibone, et al.* v. *United States,* 148 U. S. 197, 13 S. Ct. 542, 37 L. Ed. 419; *Crossley* v. *State of California,* 168 U. S. 640, 18 S. Ct. 242, 42 L. Ed. 610; *Sexton* v. *California,* 189 U. S. 319, 23 S. Ct. 543, 47 L. Ed. 833; *United States* v. *Holt, et al.,* 270 F. 639; *Ex Parte Hollingsworth,* 83 Tex. Crim. R. 400, 203 S. W. 1102; and *State* v. *Frach,* 162 Ore. 602, 94 P. 2d 143.

The general rule is well stated in the *Pettibone* case, *supra,* where it was said:

"While offenses exclusively against the State are exclusively cognizable in the state courts, and offenses exclusively against the United States are exclusively cognizable in the Federal courts, it is also settled that the same act or series of acts may constitute an offense equally against the United States and the State, subjecting the guilty party to punishment under the laws of each government."

We are not unmindful of the general Federal statute, § 3231, 18 U. S. C. A., which reads:

"The district courts of the United States snall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

The above statute, however, is interpreted to apply to violations charged under the Federal statute and not to apply to a charge under a State statute, as is the case here. Also, the above portion of the statute must be read in connection with the rest of the statute, which is:

"Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

In the case of *United States* v. *Holt, supra,* the Court recognized the import of that portion of the Federal stat-

ute last copied above and quoted with approval from another case the following:

" 'The jurisdiction of the state court over the crime of extortion, when perpetrated under the circumstances stated in the indictment, is at least concurrent with that of the courts of the United States.' "

Immediately following the above, the opinion further states:

"The conviction by the state court was sustained as a proper exercise of the sovereign powers of the state; but the power of the federal government to proceed to punishment for the offense against its sovereignty was entirely unaffected."

Except in special instances, such as where the Federal Constitution grants exclusive jurisdiction to the Congress or where the offense is not covered by State statute, the general rule is that when acts are made an offense by both State and Federal statute, the offense may be tried in either or both jurisdictions. The sound reason for such a rule is particularly apparent in all matters affecting the morals and general welfare of the people. In the case of *State* v. *Frach, supra,* the court quoted with approval from *Wharton's Commentaries on American Law,* in part, as follows:

"(2)  It is as much to the public interest and as essential to the public welfare of the people of this state that persons, who, within this state, steal the property of the United States, should be prosecuted and punished for the crime as it is if the property stolen belonged to a private individual, and hence, in prosecuting and convicting the defendant for a crime committed within the state in violation of the criminal statute of this state, the state, through its courts, was merely exercising a power which, under the federal constitution, is reserved to the several states."

Since the appeal herein reaches this Court on a demurrer to the information, appellee has not been placed

in jeopardy. See *State* v. *Sherman,* 71 Ark. 349, 74 S. W. 293.

Reversed and remanded for a new trial.