William T. Bill HUGHES, Plaintiff,

v.

OKLAHOMA STATE ELECTION BOARD,
Gene F. Blake, Chairman, Mather M.
Eakes, Vice Chairman, and Basil R. Wilson, Secretary, Defendants.

No. 41943.

Supreme Court of Oklahoma.

April 5, 1966.

Rehearing Denied April 19, 1966.

**544**

C. W. Schwoerke, Oklahoma City, for plaintiff.

Charles Nesbitt, Atty. Gen. of Oklahoma, Harvey H. Cody, Asst. Atty. Gen., for defendants.

PER CURIAM.

After William T. Bill Hughes had filed his Notification and Declaration for the office of Commissioner of Labor of the State of Oklahoma, a proper protest was filed with the Oklahoma State Election Board challenging the qualifications of Mr. Hughes to be a candidate for such office. The protestant alleged that Mr. Hughes had been convicted for the crime of Embezzlement of Postal Funds in violation of Section 225 of the Federal Penal Code; that such crime was a felony; and such conviction had never been pardoned and still remained in full force and effect. A copy of the judgment and sentence was attached to and made a part of the protest.

On hearing, and after making certain findings sustaining the protestant's allega-

tions, the State Election Board held that "the felony conviction disqualifies Mr. Hughes to be a candidate for the office of State Commissioner of Labor of the State of Oklahoma and hereby orders that his name shall not be placed on the ballot for the nomination of the democratic party at the forthcoming primary election."

In this original proceeding Mr. Hughes seeks a writ of mandamus directing the State Election Board to place his name on the election ballot for the office of Commissioner of Labor. William T. Bill Hughes will be referred to as Petitioner or by name and the State Election Board will be referred to as Board.

The conviction which formed the basis for the protest was adjudicated by the District Court of the United States for the Western District of Oklahoma. Mr. Hughes appealed to the Circuit Court of Appeals, Eighth District, and in Hughes v. United States, 4 F.2d 686, which affirmed the conviction, we find the following:

"* * * William T. Hughes, hereinafter called defendant, was indicted, tried, convicted, and sentenced for embezzlement of postal funds under section 225 of the Penal Code (U.S.Comp.St. § 10395, 35 Stat. 1133), which provides:

"'Whoever, being a postmaster * * * shall * * * use, * * * or convert to his own use, * * * except as authorized by law, any money or property coming into his hands or under his control in any manner whatever, in the execution or under color of his office, employment, or service, whether the same shall be the money or property of the United States or not, * * * shall be deemed guilty of embezzlement.'

"The defendant was postmaster at Ft. Cobb, Okl. On April 19, 1923, his office was checked by a post office inspector and he was found to be short $404.72. The shortage was due to the fact that the defendant had made collections on certain C.O.D. packages and had used the moneys so collected in payment of his personal obligations. Defendant admitted the short-

age, but offered as a defense that he had intended to resign as postmaster, had arranged a sale of the office furniture to his successor, and from the proceeds of the sale had expected to make good the post office money which he had appropriated to his own use."

Petitioner and Board both concede that by virtue of Title 26 O.S.1961, § 162, Mr. Hughes would not be qualified to be a candidate for the office of Commissioner of Labor unless he is a qualified elector of the State of Oklahoma. Therefore, the basic issue to be determined in this original proceeding is whether Mr. Hughes is or is not a qualified elector of the State of Oklahoma.

Article 3, Section 1, as amended, Oklahoma Constitution, prescribes the qualifications of an elector of this State, and also prescribes who shall not be a qualified elector. The prohibitory language contained in said constitutional provision which is pertinent to the issue in the instant proceeding is as follows: "No person shall be a qualified elector of this state who is adjudged guilty of a felony, * * *." This language became a part of our Constitution on May 5, 1964, by adoption of State Question No. 412, Referendum Petition No. 138.

·Prior to Petitioner's conviction and the amendment of Sec. 1, supra, such section contained a proviso that " * * * no person adjudged guilty of a felony * * * shall be entitled to register and vote."

Petitioner contends that since the amendment to Art. 3, Sec. 1, Okla.Const., was adopted in 1964, and the same does not refer to the future or the past, that it could refer only to a conviction for a felony after its adoption in 1964. Petitioner argues that the constitutional proviso, now in force and effect, could not be applicable in the case at bar which is based upon a conviction in 1923. Petitioner cites no authority whatsoever to sustain this contention.

 In our opinion, the language "who is adjudged guilty of a felony" does not have the restrictive or narrow meaning as proposed by Petitioner. To sustain such proposed construction would be tantamount to holding that such constitutional amendment removed all disabilities attendant to a conviction of a felony prior to the date of its adoption. Without question, the people in adopting such constitutional amendment did not intend to, nor did said proviso, remove such disability.

Petitioner further contends that his conviction of a felony under the federal penal code does not constitute a felony within the meaning of Sec. 1, supra, which provides that "no person shall be a qualified elector of this state who is adjudged guilty of a felony * * *." Petitioner argues that the prohibitory proviso is applicable only to a conviction of a felony in an Oklahoma State court and is not applicable to a federal court conviction. In this connection, petitioner cites Title 21 O.S.1961, § 5, which provides that a felony is a crime which is or may be punishable with death or by imprisonment in a *state prison;* and the case of Crothers v. Jones, 239 La. 800, 120 So.2d 248, promulgated by the Supreme Court of Louisiana in 1960.

In the Louisiana case, Jones had been convicted by a federal court in Arkansas relative to the Use of the United States Mails to Defraud. The question was presented as to whether such conviction disfranchised Jones in Louisiana under the terms of its Constitution which provided that a person shall be disfranchised who has been convicted of any crime which may be punishable by imprisonment in the penitentiary. The Louisiana Court was of the opinion that if it were to extend the disqualification by confinement in a federal penitentiary or in the penitentiary of another state, that Louisiana would be adopting the policy of Congress and that of other states with regard to great moral turpitude. It was of the opinion that if such construction was placed on its Constitution, a person could be disfranchised in Louisiana when the act for which he was convicted under the federal code or laws of another state, should be performed under the laws of Louisiana.

There is a distinction between the facts presented in the Louisiana case and the facts in the instant proceeding. In the Louisiana case the federal conviction was in the State of Arkansas and there was no showing that the offense committed in Arkansas constituted a crime under the laws of Louisiana. In the instant case, the offense for which petitioner was convicted was committed in Oklahoma and, as will be hereinafter shown, such offense constitutes a felony under the laws of Oklahoma.

Therefore, the issue to be determined is: "If a person is convicted of an offense against the United States which may be punishable by imprisonment for a term exceeding one year, and such offense constitutes a felony under the laws of Oklahoma, does such conviction by the federal court render such person ineligible to be a qualified elector in this State under Article 3, Sec. 1, of the Oklahoma Constitution, which prescribes that no person shall be a qualified elector of this State who is adjudged guilty of a felony.

In Yocham v. Horn, 201 Okl. 647, 207 P.2d 919; and Elder v. County Election Board of Cherokee County, Okl., 326 P.2d 776, we held:

"Defendant's pleas of guilt in a federal court for possession of a still and distilling apparatus and for possession of spirituous liquor upon which tax had not been paid, constituting offenses under the laws of the United States, which may be punished by imprisonment for a term exceeding one year, neither of which constitutes a felony under the laws of the State of Oklahoma, did not render him ineligible to the office of county commissioner under the prohibition contained in Title 19 O.S.A. § 132."

In Briggs v. Board of County Com'rs. of Muskogee County, 202 Okl. 684, 217 P.2d 827, 20 A.L.R.2d 727, Briggs had been convicted by a federal court of conspiring to operate a wholesale liquor business without paying the federal taxes for such operations. Ouster proceedings were brought which were based upon the federal convic-tion, and Briggs was ousted from office. On appeal to this Court he contended that the judgment of ouster was based upon a matter, or cause for removal, consisting of a crime under a federal statute and was therefore, no ground for removal from office. In the Briggs case we held:

"The conviction of conspiracy to violate the laws of the United States by operating a wholesale liquor business in Muskogee County, Oklahoma, without paying the tax required by the Revenue Code, constitutes conviction of a crime, which under the laws of this State is a felony, to wit: conspiracy. 21 O.S.1941 § 424.

"Such a conviction of one holding an office in this State has the effect of vacating his office under and by virtue of the provisions of 51 O.S.1941 § 8."

The crime of embezzlement falls within the general classification of being inconsistent with commonly accepted principles of honesty and decency and constitutes an infamous crime involving moral turpitude. The purpose of the prohibitory proviso in our Constitution is to protect the public, the disqualification being an incidental consequence and not a punishment or penalty. In analyzing the above cases, although they do not specifically hold, they do stand for the general proposition that where a person has been convicted of a felony in the federal courts, and such offense constitutes a felony in Oklahoma, the prohibitory proviso is applicable.

We can not say nor can we hold that the people in adopting the prohibitory proviso of the Constitution, intended nor did they say, that the same would be applicable only to felony convictions in the State Courts of Oklahoma and not to felony convictions in the federal courts when the offense for the federal conviction constitutes a felony under the laws of Oklahoma. We can not assent to the proposition that the framers of our Constitution and the people who adopted it intended a thing so anomalous and illogical.

Petitioner further contends that the federal penal code under which he received the

federal conviction vests jurisdiction in the federal courts for misappropriation of postal funds. He argues that "it becomes immediately apparent that there cannot be any such thing as misappropriation of postal funds under the laws of this or any other state, for the reason that exclusive jurisdiction to create and control post offices and post roads is vested in the United States and exclusive jurisdiction for the trial of such offenses is vested in the United States District Courts."

 Pursuant to Article VI of the Federal Constitution, Congress enacted 28 U.S.C.A. Sec. 371, providing that the jurisdiction vested in the courts of the United States shall be exclusive of the courts of the several states, "of all crimes and offenses cognizable under the authority of the United States." Therefore, jurisdiction of violations or offenses against the United States, as prescribed by the United States Penal Code, is vested exclusively in the United States Courts. However, the issue presented here is not whether our State Courts would have jurisdiction of violations or offenses against the United States, as prescribed by the federal penal code, but whether the acts which constituted a violation of the United States penal code would also constitute a crime in Oklahoma. Stated in another way, when certain acts constitute a crime in violation of the federal penal code and criminal proceedings are prosecuted in a state court arising out of the same acts, such proceedings are not based on a violation of the federal penal code but upon violation of the state statutes.

Title 21 O.S.1961, § 1451, provides that embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted. Title 21 O.S.1961, § 1454, provides that if "any person being a trustee * * * agent, * * * or collector, or being otherwise entrusted with or having in his control property for the use of any other person, or for any public or benevolent purpose, fraudulently appropriates it to any use or purpose not in the due

and lawful execution of his trust * * * is guilty of embezzlement."

It is to be noted that the above provisions are applicable to "any person" having property in his control for " * * * any public * * * purpose." In State v. Frach, 162 Or. 602, 94 P.2d 143, defendant was charged with larceny of property belonging to the United States. The defendant moved for a directed verdict on the grounds that the charge constituted a crime against the United States and was cognizable only in the federal courts. The motion was overruled and on appeal the Supreme Court of Oregon held that the taking and carrying away of property belonging to the United States with intent to steal, when committed in Oregon, is an offense against the State of Oregon, as well as against the United States, and punishable by either or both the state and federal government. Code 1930, § 14–315; Cr.Code § 35, 18 U.S.C.A. § 82, 547. The court also held that the same acts or series of acts may constitute an offense equally against the United States and the state, in which event the guilty party may be prosecuted under the laws of each government. The Oregon Court said that the provisions of 28 U.S.C.A. § 371, (previously referred to in this opinion) had no application for the reason "defendant was not charged with a violation of a federal statute but with a violation of a state statute, and therefore, he was not prosecuted for an offense against the federal law but an offense against the state law." The Court also held that in the exercise of their reserved powers, the states act as independent sovereignties and their right to exercise such powers cannot be impaired or abridged by any federal statutes.

In State v. Duncan, 221 Ark. 681, 255 S.W.2d 430, the Supreme Court of Arkansas held that where an accused allegedly sold bales of cotton upon which an agency of the federal government held a chattel mortgage, with the intent to defeat the chattel mortgage and debt thereby secured, and such alleged act was an offense under both state and federal statutes, accused could be

prosecuted in the state court for violation of state statute and was not required to be prosecuted in the federal courts.

In State v. Stevens, 60 Mont. 390, 199 P. 256, the Supreme Court of Montana held that taking of money from the United States Post Office with the intention to steal the same was an offense against the federal law but such fact does not deprive the state court of jurisdiction in the prosecution of a charge of larceny committed under the state law as the jurisdictions were not in conflict.

In Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684, petitioner was tried and acquitted in a Federal District Court for violation of 18 U.S.C.A. § 2113, which makes it a crime to rob a federally insured bank. On substantially the same evidence, he was later tried and convicted in an Illinois State Court for violation of an Illinois robbery statute. Although the United States Supreme Court affirmed the conviction on grounds other than on the particular issue presented in the case at bar, the fact remains that the United States Supreme Court recognized that the State of Illinois had jurisdiction of the cause for the crime committed against the laws of the State of Illinois, although the United States Courts had jurisdiction of the crime committed against the United States.

In Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419, the Supreme Court of the United States said that while offenses exclusively against the states are exclusively cognizable in the state courts, and offenses exclusively against the United States are exclusively cognizable in the federal courts, it is also settled that the same act or series of acts may constitute an offense equally against the United States and the state, subjecting the guilty party to punishment under the laws of each government.

█ We find that the gravamen of the federal charge on which petitioner was convicted was embezzlement and embezzlement constitutes a felony in Oklahoma. We therefore hold that the embezzlement of property belonging to the United States Government, when embezzled in the State of Oklahoma, is an offense against the State and constitutes a crime as prescribed by our State statutes.

Petitioner argues that the federal conviction for embezzlement was not a determination of all the elements included in the crime of embezzlement in Oklahoma. Petitioner proposes that the word "fraudulent" in the Oklahoma law has the effect of creating an element of the offense for embezzlement in Oklahoma, which is not an element of embezzlement under the federal penal code.

In Hughes v. United States, supra, the court said that the evidence clearly showed that defendant knowingly and intentionally converted to his own personal use moneys which came into his hands in the execution of the duties of his office.

█ Although the word "fraudulent" is employed in our embezzlement statutes and is an element in embezzlement, it was held in Smith v. State, 78 Okl.Cr. 343, 148 P.2d 206, that when one converts the money of another to his own use without permission from the lawful owner thereof, the law infers a fraudulent intent and punishes the act of embezzlement.

█ Mr. Hughes has been convicted of embezzlement by a federal court. The offense forming the basis for the federal conviction constitutes the crime of embezzlement in Oklahoma. Under these circumstances, Mr. Hughes is not a qualified elector of the State of Oklahoma by virtue of the prohibitory proviso of Article 3, Sec. 1, Oklahoma Constitution.

Since Mr. Hughes is not a qualified elector of Oklahoma, under the provisions of Title 26 O.S.1961, § 162, he is not a qualified candidate for the office of Commissioner of Labor of the State of Oklahoma.

█ In Braine v. City of Stroud, Okl., 385 P.2d 428, we said that an applicant for a writ of mandamus must show himself entitled to a clear legal right to the same before a writ will issue. Petitioner has not

shown a clear legal right to a writ of mandamus in this original proceeding.

Writ denied.

Petitioner is granted until 12:00 o'clock noon on Friday, April 8, 1966, in which to file a petition for rehearing.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY and LAVENDER, JJ., concur.