1997 OK 161

Jerry L. COLCLAZIER, Amie R. Rose, Colclazier, Rose & Associates, P.C., an Oklahoma professional corporation; George W. Butner, d/b/a Butner and Butner, a partnership; and Williams D. Huser and John E. Lively, d/b/a Huser, Huser and Lively, a partnership, Appellants,

v.

STATE OF OKLAHOMA, ex rel. OKLA-HOMA INDIGENT DEFENSE SYS-TEM BOARD; and Oklahoma Indigent Defense System, Appellees.

No. 85926.

Supreme Court of Oklahoma.

Dec. 23, 1997.

Amie Rose Colclazier, Colclazier & Associates, P.C., Seminole, for Appellants.

W.A. Drew Edmondson, Attorney General of Oklahoma, Yasodhara Mohanty, Assistant Attorney General, Oklahoma City, for Appellees.

ALMA WILSON, Justice:

¶ 1 The dispositive issue presented to this Court is whether a writ of mandamus is proper to correct abuse of discretion by a governmental agency in awarding a contract, where the contractual period has expired, and the services that were the subject of the contract have been performed. We hold that a writ of mandamus is improper under such facts.

¶ 2 The Oklahoma Indigent Defense System Board is composed of five members appointed by the Governor with the advice and consent of the Senate.[1] The Board is authorized to award fiscal-year contracts to qualified attorneys to provide legal-defense services for indigents in Oklahoma's seventy-five counties.[2] On April 3, 1993, the Board published a statewide "Notice for Invitation to Bid" in the Oklahoma Bar Journal, for the fiscal year 1994, beginning July 1, 1993.[3] The notice had three requirements for bidders: they must (1) be a member in good standing of the Oklahoma Bar Association, (2) have professional liability insurance, and (3) have no less than one year active defense experience in one or more of the following areas: criminal, juvenile, mental health, contempt or guardianship. Six bids were submitted with respect to Seminole County, and the highest bid was in the amount of $120,-000.00 by the two attorneys who had jointly performed the services the previous year, Pyron and Phelps. Another group of six attorneys, the appellants, who operated three separate law firms, with two law firms having offices in Wewoka and Seminole, submitted a bid of $97,200.00, which was second lowest bid of the six bids. The other four bids were from attorneys in other counties.[4]

¶ 3 At the June 13, 1993, Board meeting, the Board first voted on the appellants' bid, which ended in a 2–2 tie vote. The Board then voted on the other in-county bid, Pyron and Phelps, and the same result occurred. The Board informed the attorneys that the matter would be taken up at its next regularly scheduled meeting, on June 18. The appellants left the meeting, and the Board then voted 4–0 to award the contract to Pyron and Phelps. Upon learning of the Board's actions, the appellants protested the award and the Board rescinded the contract and published a second "Notice of Invitation to Bid" in the Oklahoma Bar Journal on June 26, 1993, to be considered at a special meeting on June 30. Two of the appellants, Colclazier and Rose, filed a petition for writ of mandamus in the District Court of Oklahoma

1. The Indigent Defense Act is codified in 22 O.S.1991, §§ 1355 et seq. The Act has been amended numerous times. The actions taken by the Board that resulted in this lawsuit were in June 1993, and therefore the actions by the Board are controlled by the statutes in effect at that time, 1992 Okla. Sess. Laws, ch. 357, eff. July 1, 1992.

2. 22 O.S.Supp.1992, § 1355.6.

3. 22 O.S.Supp.1992, § 1355.8(D).

4. The statutes required the Board to take into consideration whether or not the attorney submitting the bid had an office within that county and whether or not such office was the attorney's primary office. 22 O.S.Supp.1992, § 1355.8(G). Subsection G provided: "The Board shall accept the lowest and best bid or bids if the Board determines that more than one attorney shall be hired, received from a qualified bidder or bidders. For any county, in determining whether or not a bid is the lowest and best bid, the Board shall take into consideration, whether or not the attorney submitting the bid has an office within that county and whether or not any such office is the attorney's primary office."

County, and obtained an alternative writ and order from the district court directing the Board to produce certain records by July 5, 1993. Before the June 30th meeting, the appellants served the Board with these papers and with a copy of an application for temporary injunction, which had not yet been filed. After talking with the appellants' group, the Board again awarded the contract to Pyron and Phelps.

¶ 4 The appellants then filed this lawsuit in the Oklahoma County District Court seeking a writ of mandamus, money damages, costs, and attorneys' fees. After hearing evidence, Judge Leamon Freeman found that there was no legal authority to permit the Board to solicit new bids, that the contract awarded was therefore void, and restrained the Board from implementing the contract. No attempt was made to reimplement the contract, and pursuant to statute, the indigent defense for fiscal year 1994 for Seminole County was done on a rotating basis from an approved list of attorneys.[5] All six attorneys from the appellants' group volunteered and were on the list as well as Pyron and Phelps.[6]

¶ 5 The lawsuit was transferred by agreement of the parties to the District Court of Cleveland County. Although the trial in Cleveland County ended one month before the end of the 1994 fiscal year, judgment was not entered until after the fiscal year. In the Judgment and Decree, the trial court issued a writ of mandamus directing the Board to award the contract to the second-lowest bidder, the appellants, for the year 1994 in the amount of $97,200.00, but stayed enforcement of the writ holding that the relief sought "had been mooted by the expiration of the contractual period." The court awarded the appellants nominal dam-

ages of $1.00; and denied all parties attorneys' fees. The appellants appealed and the Court of Civil Appeals affirmed the issuance of the writ of mandamus and the denial of attorney's fees, but reversed the trial court's award of nominal damages and held that the attorneys were entitled to the actual damages sustained in the amount of $47,259.67. We have previously granted certiorari.

¶ 6 The general rule for a writ of mandamus to issue is that the party seeking the writ must have a clear legal right to the relief sought; the respondent must have a plain legal duty in which the exercise of discretion is not implicated; and it may be issued only in situations where there is no plain and adequate remedy in the ordinary course of the law. *Oklahoma Gas & Electric v. District Court*, 1989 OK 158, ¶ 8, 784 P.2d 61. In pursuing a writ of mandamus ordering the Oklahoma Indigent Defense System to award the contract to the appellants, the appellants also sought an award of damages, and attorneys' fees. We find that the appellants have not shown a clear legal right to the relief sought.[7] Where the petitioners for a writ of mandamus have not shown a clear legal right, the writ will be denied. *Hughes v. Oklahoma State Election Board*, 1966 OK 67, 413 P.2d 543, 548–549.

¶ 7 *Westinghouse Electric Corp. v. Grand River Dam Authority*, 1986 OK 20, 720 P.2d 713, involved a lawsuit by a bidder over a contract awarded to a higher bidder. The trial court refused to grant a permanent injunction to prevent the Grand River Dam Authority from awarding a contract for a generator to the Brow Boveri Corporation. This Court dismissed the appeal, observing that if an action sought to be enjoined has

---

5. Title 22 O.S.Supp.1992, § 1355.8(G)(2), provided: "In the event that no qualified bids are received, the Board shall cause to be created a list of qualified volunteer attorneys, who provide proof of professional liability insurance coverage, to provide representation to indigent criminal defendants and others for whom representation is required by the Constitution and laws of this state. Compensation for such attorneys shall be as provided in subsections H through J of this section."

6. Title 22 O.S.Supp.1992, § 1355.8(G)(4) provided: "In no event shall an attorney, who has not voluntarily agreed to provide representation to indigent criminal defendants and others for whom representation is required by the Constitution and laws of this state, be appointed to represent an indigent person."

7. We need not address, and do not decide whether or not the trial court had the authority in issuing a writ of mandamus to exercise the discretion given to the Board in selecting the specific bid to award a contract.

been performed and no particular relief could be afforded, the issues in this Court had become abstract and hypothetical, and therefore the case was moot. *Westinghouse Electric Corp.*, 1986 OK at ¶ 17, 720 P.2d at 718. If such is the case with an injunction, the same may be applied to a writ of mandamus since a court cannot order a governmental agency to award a contract for services that have already been completed. *Application of Air Terminal Services, Inc.*, 47 Haw. 499, 508–509, 393 P.2d 60, 67 (1964).

¶ 8 After Judge Leamon Freeman found that the Board had no legal authority to solicit new bids, had voided the contract and restrained the Board from implementing the contract, the Board fell back on the rotation system pursuant to 22 O.S.Supp. 1992, § 1355.8(G)(2). The appellants then freely and voluntarily participated in the rotation system, provided services throughout the time period involved in this lawsuit and received payment in the amount of $49,940.33. By that conduct they abandoned any claim to the fruits of a contract-based controversy and acquiesced in the defense regime to the rotation system. Neither the district court nor this Court can now grant the relief sought to enforce the contract as originally bid by the appellants. Such would pay the appellants for services already completely performed by other lawyers and fully paid for by the Oklahoma Indigent Defense System. Statutory bidding procedures serve the public interest and are not for the benefit or enrichment of bidders. *Rollings Construction Inc. v. Tulsa Metropolitan Water Authority*, 1987 OK 95, 745 P.2d 1176.

¶ 9 Accordingly, the opinion of the Court of Appeals is VACATED, the judgment of the trial court is REVERSED, and the trial court is directed to dissolve the writ it issued and which it subsequently stayed as moot.

¶ 10 SUMMERS, V.C.J., and HODGES, SIMMS, OPALA and ALMA WILSON, JJ., concur.

¶ 11 KAUGER, C.J., and WATT, J., concur in result.

¶ 12 LAVENDER, J., dissents.

¶ 13 HARGRAVE, J., disqualified.

