## In re DISBARMENT OF ELLIOTT.

No. 18067—Opinion Filed Feb. 8, 1927.

(Syllabus.)

**Attorney and Client—Grounds for Disbarment—Conviction Under Federal Conspiracy Statute.**

The order of this court granting a license to a person to practice law in the courts of this state must be vacated and his license revoked if such person is subsequently thereto convicted of a felony or a misdemeanor involving turpitude. A person so licensed is indicted in the United States court under the Federal Conspiracy Statute, and on arraignment enters a plea of guilty. Held, that his license must be revoked under said statute.

Original action in the Supreme Court by the grievance committee of the State Bar Association, praying disbarment of D. G. Elliott. Prayer granted.

PER CURIAM. On December 31. 1926, there was filed in this court an accusation. The accusation is made by the grievance committee of the State Bar Association, and by D. I. Johnston as its chairman. This accusation charges that one D. G. Elliott, who has been heretofore admitted to practice law in the state of Oklahoma, has been guilty of willful violation of his duty as an attorney and counselor at law, in that on or about the 24th day of April, 1924, he conspired with certain other persons in said accusation named to cause to be executed and delivered to William R. Roach,

the duly qualified and acting United States Commissioner for the Northern Federal Judicial District of Oklahoma, certain worthless and fraudulent appearance bonds or recognizances for the purpose of securing the release of certain persons then in custody charged with the violation of the laws of the United States. The said persons so charged were one George Ray, one Pat Hurst, and one George Nelson. The bonds so fraudulently presented were approved by the said commissioner, and their approval was obtained through said wrongful and fraudulent act on the part of the said D. G. Elliott, and release from the custody of the United States marshal was obtained for the said named accused persons. That thereafter, on the 23rd day of February, 1926, the said D. G. Elliott was indicted for said fraudulent practices, in cause No. 855, on the docket of the United States Court for the Northern District of Oklahoma, entitled "United States of America v. D. G. Elliott." On the 23rd day of October, 1926, the said D. G. Elliott, on being arraigned, entered a plea of guilty to said indictment, whereupon he was duly and regularly sentenced to a term of imprisonment of two years in the United States penitentiary at Leavenworth, Kan.

On the said accusation in substance as above set out, the prayer is that this court revoke the license of the said D. G. Elliott as an attorney and counselor at law, and in all respects disbar him. Attached to the accusation is a certified copy of the judgment of the United States court in the said cause of the United States against D. G. Elliott, in which he is adjudged to serve a term of two years in the United States penitentiary at Leavenworth, Kan., and to pay a fine of $500.

A rule to show cause was by this court entered on the 31st day of December, 1926, to the said D. G. Elliott, in which the accusation was recited, and he was directed to show why he should not be disbarred as therein prayed. This accusation was duly served on the 6th day of January, 1927, and gave him 20 days therefrom to file a response to the accusation. No response has by the said D. G. Elliott been filed, and the court takes the said accusations as true.

Section 4106, C. O. S. 1921, provides:

"The following are sufficient causes for suspension or revocation:

"First. When he has been convicted of a felony under the statutes of Oklahoma, or a misdemeanor involving moral turpitude, in either of which cases the record of conviction is conclusive evidence.

"Second. When he is guilty of a willful disobedience or violation of any order of the court requiring him to do or forbear any act connected with or in the line of his profession.

"Third. For the willful violation of any of the duties of an attorney or counselor."

It is the opinion of this court that the accusation in this cause shows a state of facts which requires this court to take action under the said section. The order of this court granting the license to the said D. G. Elliott on April 15, 1910, to practice as an attorney and counselor at law in the state of Oklahoma. should be, and the same is hereby revoked, vacated, set aside, and his license to practice law is revoked and held for naught.

Note.—See 6 C. J. p. 585, §42; anno. 19 L. R. A. (N. S.) 892; 2 R. C. L. p. 1098; 1 R. C. L. Supp. p. 701.