## In re DUNHAM'S ESTATE.
## DUNHAM v. GERMAIN.

No. 27690. Nov. 16, 1937.

Rehearing Denied Dec. 14, 1937.

C. L. Armstrong and H. R. Helmbrecht, for plaintiff in error.

Maris & Maris, for defendant in error.

GIBSON, J. Lee H. Dunham filed his petition in the county court of Kay county for the appointment of himself as administrator of the estate of his deceased mother. Written objection thereto was entered by Orah W. Germain, daughter of deceased, wherein she sought an order naming her as administratrix. The county court overruled the objection and named Dunham as administrator, and Orah W. Germain 'appealed to the district court, where on trial de novo the order of the county court was reversed and decree entered appointing the protestant and fixing her bond. Dunham has appealed to this court.

Dunham will be referred to herein as plaintiff, and Orah W. Germain as defendant.

In protesting plaintiff's apointment the ground assigned therefor was that he had been convicted of an infamous crime and was therefore incompetent under the statute to serve as an administrator. Section 1141, O. S. 1931, provides that "no person is competent to serve as administrator or administratrix, who, when appointed, is: * * * convicted of an infamous crime." Plaintiff had been sentenced in federal court in Oklahoma on a plea of guilty to the charge of selling intoxicating liquors to restricted Indians. He was given 'a jail sentence and fine. The court, however, under the federal statute, could have sentenced plaintiff to as much as two years in the penitentiary.

The district court held that the plaintiff, by reason of the aforesaid plea of guilty and sentence, was incompetent to serve as administrator. That holding is the only act of the trial court challenged on this appeal.

Plaintiff takes the position that the above statute contemplates a conviction of an infamous crime under the laws of the state of Oklahoma and in the courts of the state, and not convictions under the federal laws or laws of other states.

There is no controversy as to whether the infraction for which the plaintiff was sentenced constituted an infamous crime under the laws of the United States. Although the plaintiff on his plea of guilty was not sentenced to the penitentiary, the federal court was authorized under the statute to assess such a penalty. The question turns, not upon the punishment actually inflicted by the court, but upon the extent thereof authorized by the statute. See 16 C. J. 60.

The parties call our attention to no decisions of this or other courts dealing with the exact question here under consideration. Cases concerning the disqualification of witnesses, jurors, public officers, and attorneys for the cause of conviction of infamous crime in foreign jurisdictions are cited by both parties, accompanied by arguments, pro and con, that said cases do or do not furnish analogous situations to that presented here. If we are to accept the analogy, we find that the position of each party is supported by their respective citations.

Examining the decisions of this state, we find that a juror is not disqualified by reason

of his conviction in another state of a criminal offense punishable by imprisonment in the penitentiary, although our statute disqualifies him if he has been "convicted of a criminal offense punishable by imprisonment in the penitentiary" (section 3093, Stat. 1893; sec. 805, O. S. 1931, similar). Queenan v. Territory, 11 Okla. 261, 71 P. 218.

We find also that our statute disqualifying a person as a witness in his own behalf when convicted of perjury does not contemplate a conviction for that offense in another state. Weber v. State, 18 Okla. Cr. 421, 195 P. 510.

We feel, however, that the duties of an administrator are so very dissimilar to those of a juror or witness that we are not required to apply the rule expressed in the foregoing cases to the case at bar. While strict integrity is required of all in the performance of their respective duties, the former is accorded far greater opportunity of violating that duty in his own interest than are the latter two, and therefore the statute governing his qualifications should be given a broader construction. The duties of an administrator are more nearly analogous to the duties placed upon an attorney at law. Each is an officer of the court and each charged with the proper management of the property and affairs of others. Our statements here are supported to some degree by the decision in the case of In re Elliott, 122 Okla. 180, 253 P. 103.

In the latter case Elliott, a member of the Oklahoma bar, had pleaded guilty in federal court for the Northern District of Oklahoma to a charge of conspiracy to procure the release of federal prisoners upon fraudulent recognizances, and upon arraignment was sentenced to serve a term of two years in the penitentiary. The question of his disbarment came before this court under section 4100, C. O. S. 1921, the law then in force. That section sets out the following causes for suspension or revocation of license:

"First. When he has been convicted of a felony under the statutes of Oklahoma, or a misdemeanor involving moral turpitude, in either of which cases the record of conviction is conclusive evidence.

"Second. When he is guilty of a willful disobedience or violation of any order of the court requiring him to do or forbear any act connected with or in the line of his profession.

"Third. For the willful violation of any of the duties of an attorney or counselor."

There Elliott pleaded guilty to a felony and was sentenced, not under the statutes of Oklahoma or by an Oklahoma court, but under a federal statute and by a federal court. Yet this court said that by reason of his plea and his sentence he had forfeited his license.

Certainly Elliott was not disbarred under the first cause set out in the statute. To constitute a cause for disbarment his conviction of a felony or of a misdemeanor involving moral turpitude must have taken place under the statutes of Oklahoma, and therefore none but an Oklahoma court could convict him for such offenses. A mere conviction in federal court would not be sufficient cause for disbarment. Neither could he have been disbarred for the second cause named. He violated no order of any court. It follows that his disbarment came about by reason of the third cause named, that is, by reason of the violation of some of his duties as an attorney or counselor. This court in disbarring him based its decision upon the judgment of conviction from the federal court as evidence of a violation of those duties. The judgment against Elliott showed that he had pleaded guilty and was sentenced for an offense that if perpetrated upon a state court would have amounted at least to a misdemeanor and a violation of his duty as an attorney. Section 1875, O. S. 1931.

By its decision in the Elliott Case this court has in effect said that if an attorney stands convicted of an offense in a foreign jurisdiction which, if committed here, would be sufficient to warrant his disbarment for willful violation of any of his duties as an attorney, the judgment of conviction will be received as evidence of that fact and, unless explained, will require disbarment.

By analogy, then, if a person be convicted in a foreign jurisdiction of an offense which, if committed in this state, would disqualify him on conviction thereof from being an administrator, the foreign judgment of conviction would be received here as evidence of his disqualification and would be sufficient, if unexplained, to require his disqualification at the hands of the courts.

Applying that rule to the case at bar, we find that plaintiff has not pleaded guilty to nor been convicted of an offense, the mere conviction of which in this state constitutes a ground for his disqualification. Selling intoxicating liquors to restricted Indians is only a misdemeanor under our statutes, and is not, therefore, an infamous

crime within the meaning of section 1141, supra. We do not say that such a judgment of conviction may not constitute evidence of a want of integrity of the party convicted when presented in support of an allegation challenging his fitness to serve as an administrator on that ground, as provided in subdivision 3, section 1141. But the judgment was not offered for that purpose in this case. The question of plaintiff's integrity was not presented in the district court. It was pleaded as a positive statutory disqualification, and was so treated by the court. The question of integrity is therefore not presented here.

We conclude that the judgment of the district court should be reversed and the cause remanded, with directions to enter judgment for the plaintiff, Lee H. Dunham.

It is so ordered.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.