## YOCHAM v. HORN.

No. 33498. Nov. 23, 1948.

Rehearing Denied July 19, 1949.

*207 P. 2d 919.*

Coffey & Coffey, of Tulsa, and Glenn O. Young, of Sapulpa, for plaintiff in error.

George H. Jennings, of Sapulpa, for defendant in error.

RILEY, J. This is an action in the nature of quo warranto to determine L. F. Yocham's right to hold the office of county commissioner of Creek county for a term of office commencing July 7, 1947.

At the General Election held throughout the state November 5, 1946, defendant in error, Frankie M. Horn, was the Democratic nominee to succeed herself in the office of county commissioner of Creek county, district No. 1. L. F. Yocham was the Republican nominee and he received the higher number of votes cast for the office. Defendant in error then commenced an election contest contending that L. F. Yocham had been adjudged guilty of a felony and was, by reason thereof, ineligible to the office of county commissioner, and that votes cast at the election for him were void and that she was entitled, under the proviso of article 23, §10, Constitution of Oklahoma, and the provisions of Title 19 O. S. 1941 §131, to continue to perform the duties of the office until her successor was duly qualified.

A writ of prohibition was issued out of this court to prohibit the exercise of jurisdiction by the election board. Yocham v. County Election Board, 198 Okla. 588, 180 P. 2d 831.

A certificate of election was issued to Yocham on May 15, 1947, who qualified and entered upon the duties of office, and, thereafter, defendant in error commenced in the district court the action in the case at bar.

L. F. Yocham, as defendant, answered, expressly denying that he had ever been adjudged guilty of a felony, either under the laws of the United States or the State of Oklahoma. He admitted that he had pleaded guilty in the United States District Court for the Northern District of Oklahoma to offenses charged against him in an indictment, but which offenses, under the laws of the State of Oklahoma, do not constitute felonies.

Defendant further pleaded that subsequent to his election, and as set forth

in plaintiff's petition, a full and unconditional pardon for the offenses to which he had pleaded guilty, and for which he had been placed on probation for 12 months, had been granted to him on June 28, 1947, by the President of the United States.

The issues were joined and the cause proceeded to a trial before the court. It appears from the evidence that on January 8, 1937, in the District Court of the United States for the Northern District of Oklahoma, defendant, Yocham, was indicted, under the name of Loyron F. Yocham, on two counts and charged with offenses of having had in his possession a still and distilling apparatus; and of having had in his possession distilled spirits on which the tax had not been paid, to wit: one gallon of whisky. Both of the counts charged in the indictment constitute felonies under the laws of the United States. Title 26 U. S. Code, §201, and Title 2 of the Liquor Taxing Act of 1934.

Neither of t h e offenses charged against defendant in the indictment constitutes a felony under the laws of the State of Oklahoma. Under somewhat similar prohibitions of statute, the possession of spirituous liquors in certain amounts is prohibited. Title 37, O. S. A. §§31 and 32, and under the provisions of section 52, Id., it is unlawful for any person to have an unregistered still worm or still, but the violation of such prohibitions, contained in the statutes of the state, constitutes misdemeanors only. Section 57, Id.

The evidence in the case at bar establishes that on January 28, 1947, defendant, Yocham, was arraigned in the United States District Court for the Northern District of Oklahoma; that he entered pleas of guilty to both counts of the indictment charged against him. He was placed on probation for a period of 12 months, and subsequent to his election to office, but prior to his qualification and assumption of the duties of the office, he was granted a full and complete pardon by the President of the United States.

The trial court made findings of fact substantially as hereinbefore set out, and concluded, as a matter of law, that defendant's pleas of guilt placed him in a category as having been adjudged guilty of a felony; that defendant was thereby disqualified as an elector at the time of his election to the office of county commissioner, and that the effect of Executive clemency, by the exercise of which defendant, on June 28, 1947, was granted a full and unconditional pardon, was to restore defendant's right of citizenship, but that the same was without effect on his right to hold the particular office as a result of the election theretofore held on November 5, 1946.

The trial court concluded that defendant's election was a nullity and that plaintiff having been elected in 1944 and having assumed and exercised the duties of the office, was entitled to hold the office until a successor was elected and qualified. Judgment was rendered accordingly, and defendant appeals.

There is set forth in article 3, §1, Constitution of Oklahoma, the qualifications of electors of this state. The section contains a proviso "that no person adjudged guilty of a felony, subject to such exceptions as the Legislature may prescribe . . . shall be entitled to register and vote."

Title 26 O. S. A. §61 also enumerates the qualifications of electors of this state and subject to an exception contemplated by the Constitution, supra, prohibits voting by a person guilty of a felony, after the adoption of the Constitution of this state. The exception expressed is that "unless his citizenship shall have been restored in a manner provided by law."

Title 19 O. S. A. §132 provides:

"No person shall be eligible to any county office unless he shall be, at the time of his election or appointment, a qualified voter of the county."

We shall assume, for the purposes of our decision, that defendant's pleas of guilt to the offenses charged in the indictment rendered against him in the federal court were equivalent to convictions and that his being placed upon probation for a period of 12 months is tantamount to a judgment of guilt, and we shall assume, but not decide, that the trial court was correct in its conclusion of law that the exercise of Executive clemency by the President of the United States, in granting a full and unconditional pardon to defendant for the offenses in violation of the laws of the United States, did not affect defendant's eligibility to the office of county commissioner, under the laws of this state, prior to the date of the pardon, and, thus, limit our inquiry as to whether a qualified elector adjudged guilty of offenses which, under the laws of the United States, constitute felonies but are not felonies under the laws of the State of Oklahoma, and rendered defendant ineligible to a county office under the provisions of section 132, supra.

In re Dunham's Estate, 181 Okla. 407, 74 P. 2d 117, Lee H. Dunham sought an appointment as an administrator of the estate of his deceased mother, but objections were made to his appointment and it was contended that he was ineligible as having been convicted of an infamous crime and, therefore, rendered incompetent under the provisions of 58 O. S. A. §126. Dunham had been sentenced to jail by the federal court in Oklahoma on a plea of guilt to the charges of selling intoxicating liquors to restricted Indians. The offense, under federal law, subjected the offender to punishment by as much as two years in the penitentiary.

It was contended on appeal that Dunham was not ineligible as administrator because the prohibition of statute contemplates a conviction of infamous crime under the laws of the State of Oklahoma and in the courts of the state, and not to convictions under the federal laws of other states.

This court, in consideration of the question, took cognizance of decisions relating to disqualifications of witnesses, jurors, public officers, and attorneys for the cause of convictions of infamous crimes in foreign jurisdictions, and it was found that authorities were sharply divided upon the question. However, an examination of the decisions within our own state disclosed that a juror was not disqualified by reason of his conviction in another state of a criminal offense punishable by imprisonment in the penitentiary, although the statutes of this state disqualify a juror if he has been convicted of a criminal offense punishable by imprisonment in the penitentiary. 38 O. S. A. §10. Queenan v. Territory, 11 Okla. 261, 71 P. 218, 61 L. R. A. 342.

Likewise, the Criminal Court of Appeals decided that a defendant was not disqualified to testify in his own behalf under the terms of the statute of the state so disqualifying a witness when convicted of perjury because the statute did not contemplate such a conviction under the laws of another state. Weber v. State, 18 Okla. Cr. 421, 195 P. 510.

In re Disbarment of Elliott, 122 Okla. 180, 253 P. 103, an attorney, and member of the Oklahoma Bar, had pleaded guilty in the United States District Court, Northern District of Oklahoma, to a conspiracy in violation of federal statutes, and had been sentenced to serve a term of two years in the penitentiary. Elliott had been disbarred as an attorney, under the provisions of statute then in force, section 4106, C. O. S. 1921, subjecting an attorney to disbarment when he had been convicted of a felony under the statutes of Oklahoma, or a misdemeanor involving moral turpitude or willful violation of any of the duties of an attorney or counselor.

We deemed Elliott's disbarment to have been adjudged by reason of a violation of the duties of an attorney and counselor, and not because of his con-

viction of either a felony, under the laws of this state, or a misdemeanor involving moral turpitude. We said in the opinion that a mere conviction in the federal court would not be sufficient cause for disbarment under the statutes of the state, but that such a conviction would be received as evidence of a willful violation of the duties of an attorney or counselor and, unless explained, would require disbarment.

We reasoned, by analogy, that if a person be convicted in a foreign jurisdiction of an offense which, if committed in this state, would disqualify him on conviction thereof from being an administrator, the foreign judgment of conviction would be received here as evidence of his disqualification, and would be sufficient, if unexplained, to require disqualification by the court.

We applied the rule to determine Dunham's eligibility to be appointed administrator and held that while such a judgment would constitute evidence of a want of integrity when presented in support of a challenge of fitness to serve as an administrator, he was not thereby rendered ineligible.

By the terms of the syllabus adopted by this court, it was held that the statute rendering one convicted of an infamous crime incompetent to serve as an administrator, does not contemplate conviction in a foreign jurisdiction of an offense which, if committed in this state, would not require a penitentiary sentence.

There are many decisions holding adversely. Crampton v. O'Mara, 193 Ind. 551, 139 N. E. 360; State ex rel. Olson v. Langer, 65 N. D. 68, 256 N. W. 377, but we deem the courts within this jurisdiction committed to the contrary doctrine.

The Supreme Court of the United States, in Logan v. United States, 144 U. S. 263, 12 S. Ct. 617, 36 L. Ed. 429, held:

"At common law, and on general principles of jurisprudence, when not controlled by express statute giving effect within the state which enacts it to a conviction and sentence in another state, such conviction and sentence can have no effect, by way of penalty or of personal disability or disqualification, beyond the limits of the state in which the judgment is rendered." State of Mississippi ex rel., etc., v. McDonald, 86 A. L. R. 290, 164 Miss. 405, 145 So. 508.

In application of the rule prevailing in this jurisdiction, Yocham's pleas of guilt in the federal court to offenses charged against him in the indictment under federal law, were matters that might have been considered by the citizenship of Creek county in the election of the person best suited to serve them in the particular office under consideration. Whether the matter was generally known to the citizenship of Creek county prior to the election, the record does not disclose.

Under the rule to which we are committed within this jurisdiction, L. F. Yocham was not rendered ineligible to the office of county commissioner by reason of his pleas of guilt to the offenses charged against him under the laws of the United States in the federal court.

Reversed and remanded, with directions to enter judgment for the defendant.

HURST, C. J., DAVISON, V. C. J., and BAYLESS, WELCH, ARNOLD, and LUTTRELL, JJ., concur. CORN, J., dissents.

No. 32979. June 7, 1949.
Rehearing Denied July 19, 1949.