Mack M. BRALY, Plaintiff,

v.

J. C. WINGARD, E. T. Sumner and W. W. Gibson, as members of and constituting the Pontotoc County Election Board of the State of Oklahoma, Defendants.

No. 38310.

Supreme Court of Oklahoma.

June 3, 1958.

Mack M. Braly, Pro se.

Long & Long, Pauls Valley, for defendants and for Ray Loyd Benton as an intervenor.

PER CURIAM.

The question for determination here is whether Ray Loyd Benton of Ada, Okla-

homa, has been finally adjudged guilty of a felony. If he has not then he is fully eligible to file his notification and declaration for political party nomination as a candidate for election to the office of sheriff of Pontotoc County.

If Mr. Benton has been finally adjudged guilty of a felony then he is not eligible to so file as a candidate for nomination at the July 1958 Primary Election.

The facts are that Mr. Benton was charged with the crime of unlawful possession of intoxicating liquors as a second and subsequent offense, having theretofore been finally adjudged guilty of the former crime of unlawful possession of intoxicating liquor. Mr. Benton upon arraignment in open court upon this subsequent charge plead guilty thereto and such plea was accepted by the court for the pronouncement of sentence. Thereby Mr. Benton became and was finally adjudged guilty of a felony.

When the trial court came to pronounce sentence upon Mr. Benton on his plea of guilty he was sentenced to pay a fine of $1,000 and costs and to serve thirty days in the county jail. In his behalf it is now contended that while his guilt was finally adjudged, he was not convicted of a felony but rather of a misdemeanor, because he was not actually punished by imprisonment in the state prison.

Our Statute 21 O.S.1951 § 5, includes in the definition of a felony, any crime which is, or may be, punishable by imprisonment in the state prison. It is not the actual punishment imposed but the extent to which punishment may be imposed which controls the point whether the crime is a felony and we therefore conclude that since upon such a plea of guilty the crime is one which may be punishable by imprisonment in the state prison, that it is a felony under the specific statutory definition.

Therefore having been finally adjudged guilty of a felony Mr. Benton was not entitled to register and vote at the general or primary elections of this State and was therefore not a qualified elector of the State, and he was not eligible to file as a candidate for political party nomination for election to the office of sheriff of Pontotoc County.

It follows that prohibition should be granted and accordingly the County Election Board is prohibited from placing the name of Mr. Benton on the primary election ballot and the writ is granted and the Board is directed to remove such name from the county primary election ballot.