**H. G. (Grady) ELDER, Petitioner,**

v.

**The COUNTY ELECTION BOARD OF CHEROKEE COUNTY, et al., Respondents.**

**No. 38284.**

Supreme Court of Oklahoma.

June 3, 1958.

As Corrected June 9, 1958.

Farmer, Woolsey, Flippo & Bailey, Tulsa, for petitioner.

John Ewart, County Atty., Cherokee County, Tahlequah, for respondent.

Jack Bliss, Tahlequah, for protestant, Leonard Hood.

WILLIAMS, Justice.

Subject to determination of the questions hereinafter discussed, petitioner, H. G. (Grady) Elder, is a qualified, legal and registered elector of Cherokee County, residing at Peggs, near Tahlequah, Oklahoma. Within the time allowed by law he filed with the Secretary of the County Election Board of Cherokee County, his notification and declaration to have his name placed on the official ballot to be used at the primary election to be held on the 1st day of July, 1958, in each of the voting precincts in County Commissioner's District No. 1 of Cherokee County as a democratic candidate for the nomination as Democrat Nominee for the office of County Commissioner of County Commissioner's District No. 1, Cherokee County, Oklahoma.

One Leonard Hood, an elector of said district and county, filed an objection to petitioner's notification and declaration, alleging that on the 23rd day of May, 1952, petitioner was convicted of felonies (relating to possession of whiskey still, concealing intoxicating liquors, etc.,) in U. S. District Court for the Northern District of Oklahoma in criminal case No. 12,103 and further that previously thereto on the 25th day of June, 1926, the petitioner was convicted in the U. S. District Court for the Southern District of Alabama, of an offense relating to intoxicating liquors.

To his objections filed with the county election board, Mr. Hood attached copies of such convictions and sentences. Petitioner raises no question as to his having been so convicted and sentenced.

Petitioner's sentences on some of these charges were in excess and in the case of each of them could legally have been in excess of one year. The U. S. Statute, Title 18 U.S.C.A., Crimes and Criminal Procedure, § 1 (amended May 24, 1949, c. 139, 63 Stat. 89), provides:

"Notwithstanding any Act of Congress to the contrary: (1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony. * * *"

Admittedly the crimes of which petitioner was convicted were felonies as provided by the laws of the United States.

Violations of our state penal statutes relative to intoxicating liquors constitute misdemeanors only, except for conviction upon the statutory ground of second and subsequent offense after former conviction in a state court. See Title 37 O.S.1951, §§ 1–131.

Respondent board struck from its files petitioner's purported notification and declaration. Petitioner asks this court for a writ of mandamus pursuant to our author-

ity of superintending control of inferior courts, commissions and boards under Article VII, Sec. 2, Constitution, ordering such board to place petitioner's name on the ballot as a democratic candidate for nomination as county commissioner, as set forth above.

Petitioner argues that since his acts which constituted felonies under federal law were at their worst only misdemeanors under Oklahoma law, he should not be on account of commission of same disfranchised and thereby disqualified from political candidacy. He relies upon our opinion promulgated in the case of Yocham v. Horn, 201 Okl. 647, 207 P.2d 919. In our syllabus in that case we stated:

> "Defendant's pleas of guilt in a federal court for possession of a still and distilling apparatus and for possession of spirituous liquor upon which tax had not been paid, constituting offenses under the laws of the United States, which may be punished by imprisonment for a term exceeding one year, neither of which constitutes a felony under the laws of the State of Oklahoma, did not render him ineligible to the office of County Commissioner under the prohibition contained in Title 19 O.S.A. § 132."

Respondent board argues that petitioner, having been adjudged guilty of felonies as recited, lost his federal civil rights and, by loss of those rights, is no longer a qualified elector under the laws of Oklahoma, and that his only remedy would be to obtain a presidential pardon' or to be granted amnesty, which has not yet been done.

Article III, Okla.Constitution, Sec. 1, provides as follows:

> "Qualified electors of this State shall be citizens of the United States, citizens of the State, including persons of Indian descent, (native of the United States), who are over the age of twenty-one years and who have resided in the State one year, in the county six months, and in the election precinct thirty days next preceding the election at which such elector offers to vote. Provided, that no person adjudged guilty of a felony, subject to such exceptions as the legislature may prescribe * * * shall be entitled to register and vote."

Title 26 O.S.1951 § 61, provides, in part, as follows:

> "The qualified electors of the state shall be male citizens of the United States, male citizens of the state, and male persons of Indian descent, natives of the United States who are over the age of twenty-one years who have resided in the state one year, in the county six months, and in the election precinct thirty days next preceding the election at which any elector offers to vote. Provided, that no person adjudged guilty of a felony after the adoption of the Constitution of this state, subject to such exceptions as the Legislature may prescribe, unless his citizenship shall have been restored in the manner provided by law * * * be allowed to vote * * *."

Amendment XIX to the Constitution of the United States amended the above statute, in effect, to provide for Woman Suffrage.

Title 26 O.S.1951 § 162, provides in part, as follows:

> "Any qualified elector, as defined in the Constitution and laws of the State of Oklahoma, who is a member of a political party, and who is now and has been affiliated with such legally recognized party at whose hands he seeks the nomination, shall have his name printed on the official ballot of his party for an office to which he is eligible in any primary election, upon filing with the proper officer, within the time provided by law, a Notification and Declaration of candidacy. * * *"

Title 19 O.S.1951 § 132, provides as follows:

"No person shall be eligible to any county office unless he shall be, at the time of his election or appointment, a qualified voter of the county."

It is to be noted that our Constitution and statutes require a prospective candidate for public office to be an elector and an elector to be a citizen of the United States. Respondent board, without presentation of authorities pertinent thereto, suggests that conviction in the federal courts of a felony works a loss of one's U. S. citizenship, and that petitioner may not therefore be a candidate.

It is true that conviction in the federal courts of the commission of a felony disqualifies one to sit therein as a juror. Title 28 U.S.C.A., Judiciary and Judicial Procedure, § 1861, provides, in part:

"Any citizen of the United States who has attained the age of 21 years and resides within the judicial district, is competent to serve as a grand or petit juror unless: (1) He has been convicted in a state or federal court of record of a crime punishable by imprisonment for more than one year and his civil rights have not been restored by pardon or amnesty. * * *"

However, by Amendment XVII to the U. S. Constitution, it is provided:

"The Senate of the United States shall be composed of two Senators from each state, elected by the people thereof, for six years; and each senator shall have one vote. The electors in each State shall have the qualifications requisite for electors of the most numerous branch of the State legislatures."

See also, the first grammatical paragraph of Section 2 of Article I of such Constitution of the United States, of similar provision as to qualifications for electors for members of the House of Representatives. Also, see the first grammatical paragraph of Section 4 of such Article of provision that the times, places and manner of holding elections for Senators and Representatives shall be prescribed in each state by the legislature thereof with the reservation that Congress may make or alter such regulations, except as to the places of choosing Senators. Further see the second grammatical paragraph of Section 1 of Article 2 of such Constitution of provision that "Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector", and see Amendment XII to such Constitution which provides that the electors provided for in the paragraph last referred to are those who, together with the electors from the other states, choose the President and Vice-President of the United States.

With certain exceptions to be referred to hereinafter it appears that no limitation upon qualifications to vote for federal officials beyond those fixed in the different states are made. Candidates for Representatives at Large must be nominated in the same way as candidates for governor in the respective states. Title 2 U.S.C.A. § 5. (Aug. 8, 1911, c. 5, § 5, 37 Stat. 15) All votes for Representatives in Congress must be by written or printed ballot or voting machine the use of which has been duly authorized by state law. Id. § 9, R.S. § 27; Feb. 14, 1889, c. 154, 30 Stat. 836. A U. S. Senator shall be elected at the regular general election when Representatives are elected next preceding expiration of term of outgoing Senator. Id. § 1, as amended June 5, 1934, c. 390, § 3, 48 Stat. 879.

There are provisions for forfeiture of other rights. Title 5 U.S.C.A. Executive Department and Government Officers and Employees, § 740c, relates to forfeiture of back annuities and back pay. Section 740f thereof provides for restoration and continues, "Such restoration of the right to

receive an annuity or retired pay shall be effective as of the date on which such pardon is granted. * * *"

There are general statutes as to acquisition and equality of citizens' rights. Title 8 U.S.C.A. Aliens and Nationality, § 1401, provides:

"(a) The following shall be nationals and citizens of the United States at birth: (1) a person born in the United States, and subject to the jurisdiction thereof; * * *".

Title 42, The Public Health and Welfare, § 1982 provides,

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." R.S. § 1978.

Then there are certain statutes which definitely provide for loss of citizenship, not as a result of conviction of crime, but rather of certain acts. Title 8, Aliens and Nationality, § 1401, provides for loss of citizenship by living outside the U. S. under certain circumstances for certain times, § 1435, for loss thereof by certain marriages and related happenings, § 1438, for loss thereof by serving in the armed forces of a foreign country during World War II etc., and section 1451, for loss thereof by revoking one's certificate of citizenship.

Again, section 1481 of the latter Title provides for loss of nationality by either native-born or naturalized citizens by their voluntary action by such acts as obtaining naturalization in another country, taking an oath of allegiance thereto, serving in the armed forces thereof, accepting an official post therefrom, voting in political elections thereof, renouncing one's citizenship, deserting our military under certain circumstances and receiving a dishonorable discharge therefrom therefor, committing treason, and leaving or remaining outside the United States during war or presidentially-declared national emergency to evade training and service in the military.

We have, however, found no statute prescribing a loss generally of political, citizenship, civil or voting rights attendant upon conviction of a felony. We therefore find no basis upon which to sustain respondent board's unsupported argument that petitioner has lost his U. S. citizenship.

Respondent board argues further that the commission of a felony under a law enacted pursuant to the (supreme) law of the land (U. S. Constitution, art. 6) should surely constitute the commission of a felony within purview of the law of the State of Oklahoma, since the laws of the United States of America have equal application and effect through all forty-eight (48) states.

It will be observed that the question for our determination as to this argument is whether one convicted of an offense in federal court which is a felony under the laws of the U. S. but which is a crime under the laws of Oklahoma of misdemeanor grade only is thereby disqualified as an elector and therefore as a candidate for public office under our laws.

With reference to this, the principal question herein raised we note that, as said in 42 Am.Jur. 925, Public Officers, § 56,

"There is some difference of opinion as to whether a conviction of crime which, as stated in the preceding section, disqualifies the guilty party from holding office is restricted to a conviction under the laws of the state. Some courts have taken the view that it is, and have refused to declare ineligible to an office in the state a person who has been convicted of crime in the courts of a sister state or country or in the Federal courts. Other courts have refused to assent to this proposition, influenced undoubtedly by the particular phraseology of their Constitution or statutes defining the disqualification.

"In a number of cases involving the applicability of statutory or constitutional provisions making conviction of a crime a ground for disqualification to hold public office to convictions in Federal courts or the courts of other states the view has been taken, that the determination of whether the offense on which the conviction was based was such as to work a disqualification is to be made according to the laws of the convicting state. However, in construing constitutional provisions making (1) the right to hold elective office depend upon eligibility to vote and (2) eligibility to vote depend upon freedom from conviction of a felony, a contrary view has been taken."

Cited in the footnotes to the various statements contained in the quotation next above are the cases preceding, and annotations found at 86 A.L.R. 297; 94 A.L.R. 1012; 84 A.L.R. 303 and 175 A.L.R. 804, 805. Also of interest was the annotation 24 A.L.R. 1002.

In our decision in the case of Yocham v. Horn, supra, we discussed our former opinions in In re Dunham's Estate, 181 Okl. 407, 74 P.2d 117; Queenan v. Territory, 11 Okl. 261, 71 P. 218, 61 L.R.A. 324; In re Disbarment of Elliott, 122 Okl. 180, 253 P. 103, and Weber v. State, 18 Okl. Cr. 421, 195 P. 510, an opinion of the Criminal Court of Appeals of Oklahoma, as well as several other leadings cases.

In the Yocham opinion, supra, we said:

"Under the rule to which we are committed within this jurisdiction, L. F. Yocham was not rendered ineligible to the office of County Commissioner by reason of his pleas of guilt to the offenses charged against him under the laws of the United States in the federal court."

We further spoke in the syllabus of the opinion in that case as hereinabove quoted.

That language applies to the petitioner here.

While the courts of a few states hold otherwise, as did that of North Dakota in State ex rel. Olson v. Langer, 65 N.D. 68, 256 N.W. 377, the weight of authority adheres to the rule we have heretofore followed in this state and are again following in this opinion. State ex rel. Arpagaus v. Todd, 225 Minn. 91, 29 N.W.2d 810, 175 A.L.R. 776.

Our legislature has made no provision that conviction of a felony in federal court works a disqualification to vote in Oklahoma.

■ Mandamus is an appropriate remedy for the granting of the relief to which petitioner has shown he is entitled.

This case is distinguishable from the case of Braly v. Wingard, Okl., 326 P.2d 775. In the latter case the respondent, Benton, had been convicted of a felony under Oklahoma Statutes while in the present case the offense of which petitioner was convicted would have constituted only a misdemeanor under Oklahoma law.

Writ of mandamus granted requiring respondent board to place petitioner's name upon ballot as prayed for.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD, and JACKSON, JJ., concur.

CORN, V. C. J., and CARLILE, JJ., dissent.

JOHNSON, Justice (specially concurring).

I concur specially in this opinion by reason of stare decisis. We have consistently followed the rule announced in the majority opinion for many years, and the legislature has not seen fit to amend the law so as to deprive one of his civil rights by reason of having committed a felony under the federal statute where same is not a felony under our state law but is only a misdemeanor.

I am authorized to state that WELCH, C. J., concurs in this view.