**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Thomas G. HANLON, Respondent.**

**No. S.C.B.D. 2078.**

Supreme Court of Oklahoma.

Sept. 20, 1966.

Jack A. Swidensky, Oklahoma City, for complainant.

Elmore A. Page, Tulsa, for respondent.

PER CURIAM.

This court, in conference, did, on July 18, 1966 issue its order suspending the right of the respondent herein, Thomas G. Hanlon, to practice law, until the further order of the court. This action was taken under the provisions of Article VII, Part Two, Section 7 of the Revised Rules Creating, Controlling and Regulating the Oklahoma Bar Association. This Article provides in part:

"Upon receipt of a certified copy of the record of conviction of a member of the Association of a felony, the Court shall suspend such member until the time for appeal has elapsed or the judgment of conviction has been affirmed on appeal. * * *"

Prior to the issuance of its order, above mentioned, the court was in receipt of a certified copy of the record of conviction of respondent in Cause No. 21,733, State of Oklahoma v. Thomas G. Hanlon, in the District Court of Tulsa County, State of Oklahoma, said conviction being for the offense of receiving stolen property.

Respondent filed herein, on August 3, 1966, an instrument entitled "Response", wherein he seeks to have the order of July 18, 1966 recalled, on the grounds that his conviction, above set out, was not for a felony, but was for a misdemeanor.

Respondent was tried under the provisions of Title 21, O.S., Section 1713, which is as follows:

"(1) Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever that has been stolen, embezzled, obtained by false pretense or robbery, knowing or having reasonable cause to believe the same to have been stolen,

embezzled, obtained by false pretense, or robbery, or who conceals, withholds, or aids in concealing or withholding such property from the owner, is punishable by imprisonment in the penitentiary not to exceed five (5) years, or in the county jail not to exceed one (1) year, or by a fine not to exceed Five Hundred Dollars ($500.00) or by both such fine and imprisonment."

The record shows that respondent was tried and convicted under the above statute. His punishment, as fixed by the jury, was a fine in the amount of $500.00.

Respondent contends that the above statute does not specifically make the offense of Receiving Stolen Property a felony, and that because of the latitude of punishment which may be received by one convicted under the statute, it was the intent of the Legislature that the punishment assessed was to be based on the facts of each case. That under the statute, a person could be convicted either of a felony or a misdemeanor.

Respondent also argues, but without citing authority therefor, that where a penal statute does not specifically state that one found guilty thereunder, has committed a felony, and where the punishment, under such a statute covers both felony and misdemeanor punishments, that the degree of the offense is gauged upon the penalty imposed, and not upon the maximum punishment provided by the statute.

We have carefully considered the position of respondent herein, and have concluded that respondent is in error. Title 21, O.S. Section 5, provides as follows:

"A felony is a crime which is, or may be, punishable with death, or by imprisonment in the State prison."

In the case of Braly v. Wingard, Okl., 326 P.2d 775, we held that it is not the actual punishment imposed but the extent to which punishment may be imposed which controls the point whether the crime is a felony.

Applying that rule to the position of respondent, we can only conclude that he was convicted of a felony, and that our order of July 18, 1966, suspending respondent from the practice of law, should not be recalled.