SHERIFF — CONVICTION FOR FEDERAL FELONY OKLAHOMA MISDEMEANOR — CARRYING FIREARMS If a person is convicted of an offense which is a felony against the United States and such offense is a misdemeanor under Oklahoma laws, such conviction by the federal court does not disqualify the person as a candidate for the office of sheriff. Such person, if elected sheriff, is permitted to carry arms as provided in 21 O.S. 1274 [21-1274] (1961). The Attorney General has had under consideration your letter dated June 3, 1970, wherein you, in effect, ask the following questions: 1. If a person is convicted of an offense which is a felony against the United States and such offense is a misdemeanor under Oklahoma laws, does such a conviction by the federal court disqualify the person as a candidate for the office of sheriff? 2. If the answer to the first question is in the negative, may such person, if elected sheriff, carry firearms in the discharge of his duties as sheriff? It is provided in the Oklahoma Constitution, Article III, Section 1 that no persons adjudged guilty of a felony shall be a qualified elector of this state. Title 19 O.S. 132 [19-132] (1961), provides that no person shall be eligible to any county office unless he shall be, at the time of his election or appointment, a qualified voter of the county. Title 26 O.S. 162 [26-162] (1961), provides for the printing on the official ballot in any primary election the name of any qualified elector who wishes to be a candidate for any public office. In Elder v. County Election Board of Cherokee County, Okl., 326 P.2d 776
(1958), the Supreme Court referred to the Oklahoma Constitution, Article III, Section 1, 19 O.S. 132 [19-132] (1951), codified as 19 O.S. 132 [19-132] (1961), and 26 O.S. 162 [26-162] (1951), codified as 26 O.S. 162 [26-162] (1961). The court therein stated in its syllabus: "Defendant's pleas of guilt in a federal court . . . constituting offenses under the laws of the United States, which may be punished by imprisonment for a term exceeding one (1) year, neither of which constitutes a felony under the laws of the State of Oklahoma, did not render him ineligible . . . under the prohibition contained in Title 19 O.S.A., 132." The court in the Elder case, supra, on page 781 of the opinion cites other cases in support of its view. Also, see Attorney General's Opinion dated November 24, 1954, which is in accord with the Elder case, supra. The Attorney General is of the opinion your first question should be answered in the negative. If a person is convicted of an offense which is a felony against the United States and such offense is a misdemeanor under Oklahoma laws, such conviction by the federal court does not disqualify the person as a candidate for the office of sheriff. To answer your second question, we must refer to 21 O.S. 1283 [21-1283], 21 O.S. 1274 [21-1274] (1961). Title 21 O.S. 1283 [21-1283] (1961), provides: "It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to carry on his person, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed off shotgun, or rifle, or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed off shotgun." Title 21 O.S. 1274 [21-1274] (1961), provides in relevant part: "Public officers while in the discharge of their duties or while going from their homes to their place of duty, or returning therefrom, shall be permitted to carry arms, but at no other time and under no other circumstances." Section 21 O.S. 1283 [21-1283], supra, which was originally enacted in 1959, is a general statute applicable to any person having previously been convicted of any felony in any court of a state or the United States. Section 21 O.S. 1274 [21-1274], supra, which was revised in 1910 is a special statute permitting public officers while in the discharge of their duties or while going from their homes or to their place of duty or returning therefrom to carry arms. In McLean v. State,95 Okl. Cr. 271, 244 P.2d 335 (1952), the Supreme Court stated in paragraph one of its syllabus: "Where there are two statutes upon the same subject, the earlier being special and the latter general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general rule." There appears to be no express repeal of Section 1274, supra, by Section 1283, supra, and there does not appear to be an absolute incompatibility. The two sections would be incompatible if Section 1283, supra, specifically included public officers. The Attorney General is of the opinion your second question should be answered in the affirmative. Such person, if elected sheriff, is permitted to carry arms as provided in 21 O.S. 1274 [21-1274] (1961). (Marvin E. Spears)